UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LATRICE D.,                                                   Plaintiff,

v.                                                   Civil Action No. 3:22-cv-115-RGJ

COMMISSIONER OF SOCIAL SECURITY,                  Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Latrice D.[1] ("Latrice") filed this action seeking review of the denial of disabilities benefits and supplemental security income by Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. The case was referred to United States Magistrate Judge Regina Edwards who issued Findings of Fact, Conclusions of Law and Recommendation ("R&R") that the Commissioner's decision be affirmed. [DE 14]. Latrice timely filed objections. [DE 15]. The Commissioner did not respond. This matter is ripe for adjudication. For the reasons below, the Court **OVERRULES** Latrice's Objections [DE 15], and **ACCEPTS** Magistrate Judge Edwards' R&R without modification [DE 14].

## I.     BACKGROUND

The R&R accurately sets forth the factual and procedural background of the case and is incorporated by reference. [DE 14 at 822–24]. In sum, Latrice applied for disability insurance benefits and supplemental security income. [DE 1 at 1-3]. After the Commissioner denied her claim both initially and on reconsideration, Latrice appeared before Administrative Law Judge Dwight D. Wilkerson ("ALJ"). [DE 8 at 34-55]. On appeal to the ALJ, Latrice argued that she could not perform work at substantial gainful levels because of her borderline personality disorder,

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

1

major depressive disorder, anxiety disorder, social anxiety, and a learning disability. [*Id.* at 274].

The ALJ ruled against Latrice and found:

> 1. The claimant has not engaged in substantial gainful activity since March 20, 2020, the application date (20 C.F.R. § 404.1571 et seq., and 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: depression, anxiety, borderline personality disorder, attention deficit hyperactive disorder (ADHD), borderline intellectual disorder, and cannabis use disorder (20 C.F.R. § 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925, and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned [ALJ] finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following limitations: the claimant is able to understand, remember and carry out simple tasks. The claimant can perform work requiring little independent judgment and involving minimal variations. The claimant can perform work in a lower stress work environment without strict production quotas, fast pace or interaction with the public. The claimant can interact frequently as needed with supervisors and peers sufficiently for task completion. The claimant can adapt to occasional changes with reasonable support and structure.
>
> 5. The claimant is unable to perform any past relevant work. (20 C.F.R. § 416.965).
>
> 6. The claimant was born on May 26, 1993 and was 26 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963).
>
> 7. The claimant has at least a high school education (20 C.F.R. § 416.964).
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404 Subpart p, Appendix 2).

> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. § 416.969 and 416969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 20, 2020, the date the application was filed (20 C.F.R. § 416.920(g)).

[*Id.*].  The ALJ's evaluation of the five-step process outlined in 20 C.F.R. § 404.1520 concluded that Latrice was not disabled, and therefore, not entitled to benefits.  [*Id.* at 54-55].  Latrice requested an appeal to the Appeals Council, who declined review and the ALJ's decision became final.  [*Id.* at 30].  Latrice sued to obtain judicial review of the Commissioner's decision.  [DE 1].  Latrice made four objections to the ALJ evaluation: 1) the ALJ failed to consider all the evidence when he gave Latrice a moderate limitation at "step three"; 2) the ALJ did not consider or explain contradicting evidence in his residual functional capacity finding; 3) the record did not support the ALJ's finding on Latrice's skills and limitations; and 4) the ALJ's hypotheticals did not accurately portray her mental impairments.  [DE 11 at 788-98].

After reviewing the record and relevant law, Magistrate Judge Edwards found that the ALJ's final decision was supported by substantial evidence and rejected Latrice's arguments.  [DE 14].  Latrice now objects to Magistrate Judge Edwards' findings in the R&R: (1) that Latrice "did not meet the substantial burden of demonstrating a listed impairment at step three"; (2) that "this was a case where there was a choice of evidence going both ways"; and (3) rejecting her "argument that the hypothetical to the vocational expert did not accurately portray Latrice's impairments in perceptual reasoning, working memory and need for additional time."  [DE 15 at 835-41].

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of facts and recommendations for the disposition" of matters including review of the Commissioner's final decision on disability insurance benefits. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is insufficient as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court may accept, reject, or modify the proposed findings or recommendations of the magistrate. *Id.* The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id.* at 151.

### B. Legal Objections

Latrice's objections to the R&R's findings are essentially identical to the arguments made in her initial challenge of the ALJ's findings. [*Compare* DE 11 *with* DE 15].

An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-

11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017) (citing *Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). Therefore, Latrice's general objections and repetition of the arguments made in her initial challenge of the ALJ's decision cannot qualify as objections. Thus, the Court need not review *de novo* the Magistrate Judge's report regarding Latrice's objections. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

Despite this conclusion, the Court will consider the merits of Latrice's objections out of an abundance of caution. When the Court considers the merits of a claimant's objections and conducts a *de novo* review, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). "The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts." *Mackins v. Astrue*, 655 F. Supp. 2d 770, 775 (W.D. Ky. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 173 F.3d 428 (6th Cir. 1999). In reviewing the case for substantial evidence, the Court

"may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Dep't of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

To determine whether an individual is entitled to disability benefits, an ALJ follows the process outlined in 20 C.F.R. § 404.1520. First, the ALJ considers whether the claimant has substantial gainful employment. 20 C.F.R. § 404.1520(a)(4). Second, the ALJ considers whether the claimant has suffered from a severe medically determinable physical or mental impairment, or combination of impairments, for a certain duration. *Id.* Third, the ALJ considers whether the impairments meet or equal one of the specific medical disorders listed in the regulations. *Id.* Fourth, the ALJ assesses the claimant's RFC and past relevant work. *Id.* Fifth, the ALJ determines whether given the claimant's RFC, age, education, and work experiences, the individual can make certain adjustments to keep working. *Id.* While the claimant bears the burden of proof in establishing steps one through four, "the burden . . . shifts to the Commissioner at step five to 'identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

### i. Listed Impairments

Latrice's first objection involves step three of the disability determination. She objects "to the determination that she 'did not meet the substantial burden of demonstrating a listed impairment at step three.'" [DE 15 at 836].

At the third step, a claimant will be found disabled if her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. § 416.920(a)(4)(iii); *Turner v.*

*Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). The claimant bears the burden of establishing that she meets or medically equals a listed impairment at step three. *Buress v. Sec'y of Health & Hum. Servs.*, 835 F.2d 139, 140 (6th Cir. 1987). "Because satisfying the listings during the third step yields an automatic determination of disability . . . the evidentiary standards [at step three] are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014).

At step three, the ALJ considered whether Latrice met the criteria of 12.02, 12.04, 12.06, or 12.08. [DE 8 at 48]. Specifically, he considered whether the "paragraph B" criteria were satisfied. He concluded that Latrice had only moderate limitations and did not meet the paragraph B criteria. [*Id.* at 48-49; DE 14 at 827-29]. In reaching this conclusion, the ALJ considered and cited medical evidence, Latrice's academic record and ten-year pursuit of an undergraduate degree, social anxiety, relationship issues, anger issues, and suicidal ideation. [DE 8 at 48-49].

Latrice argues that the ALJ "did not consider the evidence for the purpose meeting [sic] or equaling Part A criteria." [DE 15 at 836]. But Latrice did not make this argument in this case seeking judicial review. This argument is a new objection to the ALJ's findings that was not made before the Magistrate. [*See* DE 11; DE 15 at 836]. "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). *See also Khudiar v. Colvin*, No. 3:15-CV-00408, 2016 WL 1755988, at *1 (M.D. Tenn. May 3,

2016). This argument was not raised in Latrice's fact and law summary, not addressed in the Magistrate's R&R, and Latrice does not explain this omission in any way. The Court thus finds this objection waived and does not consider it further.

Latrice also argues that the ALJ did not sufficiently consider or explain evidence contradicting his conclusion that Latrice did not meet the paragraph B listing requirement. [DE 15 at 835-38]. The Court first notes that this argument repeats Latrice's original objection. [*Compare* DE 11 *with* DE 15]. This alone is enough to reject her argument. *See Howard*, 932 F.2d at 509; *Evans v. Astrue*, No. 3:10-CV-67, 2011 WL 13453, at *2 (E.D. Tenn. Jan. 4, 2011).

Even considering the merits, Latrice's argument fails. First, while an ALJ must articulate his findings, a strict articulation standard is not required at step three. *See Price v. Heckler*, 767 F.2d 281, 284 (6th Cir. 1985). The ALJ articulated his findings clearly at step three and elsewhere in his decision and the Magistrate Judge did not err in finding that the ALJ provided substantial evidence for the moderate limitations that he determined for Latrice in the Paragraph B criteria. *See Immke v. Saul*, No. 1:18CV2218, 2020 WL 1940849, at *6 (N.D. Ohio Apr. 22, 2020). Furthermore, as Magistrate Judge Edwards noted, Latrice did not attempt to demonstrate that she meets all the elements of any listing, or even argue that she meets a specific listing. [DE 14 at 826]. The burden at stage three is on the claimant, and the Magistrate Judge did not err in finding that Latrice failed to make such a demonstration and carry her burden. *See Buress*, 835 F.2d at 140; *see also Cook v. Comm'r of Soc. Sec.*, No. 18-12042, 2019 WL 4747038, at *3 (E.D. Mich. Sept. 30, 2019) ("It is evident that Plaintiff has not met [her step three] burden here [because she] has not 'pointed to specific evidence that demonstrates she reasonably could meet or equal every requirement of' either of these two listings.").

### ii. Residual Function Capacity Finding

Latrice objects because the Magistrate Judge "determined that this was a case where there was a choice of evidence going both ways" while "[a]s argued above, the 'other way' evidence is contradicted." [DE 15 at 838]. She argues that the ALJ did not account for her limitations in his RFC, including her poor coping skills, education, and vocational history. [DE 15 at 838-40]. Latrice's argument again mirrors her original objection. [*Compare* DE 11 *with* DE 15].

It is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence supports the ALJ's decision and if the ALJ followed the applicable law. *Id.*

The ALJ followed the applicable law by conducting an appropriate analysis and explicitly considering applicable listings, as discussed above. The ALJ used the record evidence, detailing Latrice's medical history, including her psychological examination and treatments for psychological issues, as well as the opinions and medical findings of Plaintiff's treating physicians and the state agency consultants. [*See* DE 8 at 47-54; DE 14 at 828-31]. The ALJ explained, based on evidence and examples in the record, why further limitations were not warranted.[2] [*See* DE 8 at 47-54; DE 14 at 828-31]. The evidence considered by the ALJ was substantial and based on the record as a whole. And the Court agrees with Magistrate Judge Edwards' evaluation that Latrice does not allege the ALJ failed to follow the regulations, but simply that the ALJ should have reached a different conclusion. [DE 14 at 830]. Even if there were conflicting evidence, this Court should and will not reevaluate the ALJ's findings, and the Magistrate Judge did not err in

---

[2] The Magistrate Judge's R&R details the ALJ's analysis. [DE 14 at 828-31]. The Court does not duplicate this effort here because Latrice's arguments are the same as those the Magistrate considered and de novo review of such arguments or recitation of such facts would "make the original referral to the magistrate judge useless and would waste judicial resources." *Evans*, 2011 WL 13453, at *2 (citing *Howard*, 932 F.2d at 509).

9

finding that the ALJ's opinion was supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *and Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727 (6th Cir. 2013). *See also* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4).

### iii. Transferability of Job Skills

Latrice makes no objection to Magistrate Judge Edwards' finding on the Transferability of Job Skills and thus waives any objection to this finding. *Thomas*, 474 U.S. at 151.

### iv. Hypotheticals Posed to the Vocational Expert

Finally, Latrice objects to Magistrate Judge Edwards' rejection of her argument "that the hypothetical to the vocational expert did not accurately portray Latrice's impairments in perceptual reasoning, working memory and need for additional time." [DE 15 at 840]. She argues that the ALJ omitted these limitations and should have articulated his reasoning for such. [*Id.* at 840–41]. Latrice also argues the burden of proof was on the Commissioner at this stage. [*Id.*].[3]

At steps one through four of the ALJ's analysis, the burden is on the claimant. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). At step five of the analysis, the burden shifts to the Commissioner. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the ALJ considers the claimant's RFC and his age, education, and work experience to determine whether the claimant may work. Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, then the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (describing five-step evaluation).

---

[3] Again, Latrice's arguments do not identify errors in the R&R but repeats her original objections or raises new objections to the ALJ's findings, both of which are inappropriate at this stage and are sufficient grounds for rejection. *See Howard*, 932 F.2d at 509; *Murr*, 200 F.3d at 902.

At the ALJ's hearing, the ALJ posed several hypotheticals to the vocational expert. [DE 8 at 50-55]. The Magistrate accurately outlined these hypotheticals this way:

> First, [the ALJ ("ALJ Wilkerson")] asked [the vocational expert ("VE Barnes") to assume the hypothetical individual was able to understand, remember, and carry out simple tasks requiring little independent judgment, and involving minimal variations in a lower stress work environment without strict quotas, fast pace, or more than occasional interaction with the public. (Tr. 52–53). This individual could interact frequently as needed with supervisors and peers, specifically for task completion, and could adapt to occasional changes with reasonable support and structure. (Tr. 53). VE Barnes testified that this hypothetical individual could not perform any of Plaintiff's past relevant work. (*Id.*). ALJ Wilkerson then asked whether a hypothetical individual with those limitations and with Plaintiff's vocational profile in terms of age, education, and work experience could perform any work in the national economy. (*Id.*). VE Barnes testified that there were jobs in the national economy that the hypothetical individual could perform. (*Id.* at 53–54).
>
> ALJ Wilkerson next inquired into whether the hypothetical individual would be precluded from competitive work if the individual could not interact with the public. (Tr. 54). VE Barnes stated that jobs existed in the national economy that the individual could still perform. (*Id.*). ALJ Wilkerson then asked whether the hypothetical individual's need to be off task or to miss work at times would be generally tolerated. (*Id.*). VE Barnes testified that no more than six minutes offtask per hour in brief intermittent time periods and no more than seven to eight absent days in a calendar year would generally be tolerated. (Tr. 54–55).

[DE 14 at 833]. Magistrate Judge Edwards then concluded that these hypotheticals mirrored his RFC finding, which the Magistrate Judge found well supported, and found that there was no error in this hypothetical.

The Court finds no error in this analysis. The hypotheticals posed to the vocational expert included ALJ's RFC determination and, as Magistrate Judge Edwards concluded, accurately portrayed Latrice's mental and other limitations. [DE 8 at 50-55; DE 14 at 834]. The vocational expert's testimony was based on a fair review of the evidence and accurately represented Latrice's limitations that constituted substantial evidence that supported the ALJ's decision. *See Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 781 (6th Cir. 1987). Thus, the ALJ had substantial

evidence for his determination and the Magistrate Judge did not err in finding no error in the ALJ's examination of the vocational expert and his evaluation of Latrice's claim at step five.

## CONCLUSION

For the stated reasons,

**IT IS ORDERED** that Latrice's Objections, [DE 15], are **OVERRULED** as set forth herein; and

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge, [DE 14], is **ACCEPTED** without modification as the findings of fact and conclusions of law of this Court.

*Rebecca Grady Jennings, District Judge*
United States District Court

March 8, 2023